FILED

2015 SEP -2 PM 3:40

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY **TM** DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKELY MCHUGH and TRYSTA M. HENSELMEIER,<br><br>                    Plaintiffs,<br>v.<br><br>PROTECTIVE LIFE INSURANCE CO. and JAMES REINHOLTZ,<br>                    Defendants. | Case No.: 15-CV-1305-BEN (BLM)<br><br>**ORDER GRANTING MOTION TO REMAND** |

Before this Court is a Motion to Remand, filed by Plaintiffs Blakely McHugh and Trysta M. Henselmeier. (Docket No. 8.)

## BACKGROUND[1]

Plaintiffs initiated the instant action against Defendants Protective Life Insurance Company ("Protective") and James Reinholtz in California state court on June 13, 2014. (Docket No. 1, Ex. A.) Plaintiffs allege that the decedent, Mr. McHugh, purchased a life insurance policy for their benefit from Protective and with the help of Mr. Reinholtz.

---

[1] Unless otherwise noted, the following background is drawn from the allegations of Plaintiffs' FAC. The Court is not making any factual findings, but rather only summarizing the relevant facts alleged for purposes of evaluating the Motion to Remand and the Notice of Removal.

1

(First Amended Compl. ("FAC") ¶ 7.) Mr. Reinholtz is a resident of California, and was a broker for either Protective or the decedent. (FAC ¶¶ 4, 72.) Protective is a citizen of Alabama and Tennessee. (FAC ¶ 3; Notice of Removal ¶ 6.)

Plaintiffs claim Protective breached a contract and the implied covenant of good faith and fair dealing with the decedent when Protective failed to notify the decedent of a lapse in coverage or an impending termination of coverage. (FAC ¶¶ 47-69.) Plaintiffs claim that Mr. Reinholtz was negligent by failing to take reasonable steps to ensure the insurance policy was properly maintained, and failing to inform the decedent of any pending lapses or termination of the policy. (FAC ¶ 73.) Alternatively, Plaintiffs allege that if Mr. Reinholtz was not aware of the lapse or termination of the policy, Mr. Reinholtz acted negligently by failing to apprise Protective of his current contact information. (FAC ¶ 76.)

Plaintiff filed the FAC in January 2015. On May 18, 2015, Protective filed a demurrer to the FAC, arguing that Plaintiffs failed to state sufficient facts to support the two claims against Protective. On June 3, 2015, Counsel for Mr. Reinholtz sent a letter to Plaintiffs, demanding that Mr. Reinholtz be dismissed from the action. Shortly thereafter, on June 12, 2015, Protective removed the action to this Court. Plaintiffs timely filed the instant Motion to Remand pursuant to 28 U.S.C. § 1447(c). (Docket No. 8.)

## LEGAL STANDARD

Under 28 U.S.C. § 1441(b), a defendant may remove an action brought in state court if a district court may exercise diversity jurisdiction over the matter. Diversity jurisdiction requires complete diversity of citizenship between the plaintiffs and the defendants, and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. However, one exception to the complete diversity requirement exists where a non-diverse defendant has been fraudulently joined. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff

fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Defendants bear a "heavy burden" of demonstrating fraudulent joinder by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). An action is not removable if any defendant who has been "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Courts need only conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573-74 (5th Cir. 2004)). Further, "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

## DISCUSSION

### I. Motion to Remand

Protective removed this case based upon the theory that Mr. Reinholtz had been fraudulently joined as a defendant. Plaintiffs contend that Protective's Notice of Removal was untimely and that this Court lacks subject-matter jurisdiction to hear this case. The Court declines to address whether the removal was procedurally defective, because even if it was not, the Court lacks jurisdiction.

Protective argues that Mr. Reinholtz was fraudulently joined because Plaintiffs "admitted" that he was added as a defendant for the sole purpose of avoiding diversity jurisdiction. Plaintiffs' counsel denies making such a statement. (Mot. 7.) Nonetheless, Plaintiffs' purpose for joining Mr. Reinholtz as a defendant is irrelevant unless there is no chance of recovery against him. *See Selman v. Pfizer, Inc.*, No. 11-cv-1400, 2011 WL

6655354, at *5-11 (D. Or. Dec. 16, 2011) (rejecting the "intent test" as inconsistent with Ninth Circuit authority).

Here, Plaintiffs claim that Mr. Reinholtz was negligent. They allege that Mr. Reinholtz was responsible for maintaining the decedent's life insurance policy, and that Mr. Reinholtz failed to do so in a reasonable manner. After a summary review of the record and consideration of the relevant case law, the Court cannot say that Plaintiffs have no basis under California law to proceed with their claim against Mr. Reinholtz.

In California, an insurance broker owes "a limited duty" to clients, "which is only 'to use reasonable care, diligence, and judgment in *procuring* the insurance requested by an insured.'" *Pac. Rim Mech. Contractors, Inc. v. Aon Risk Ins. Servs. W., Inc.*, 203 Cal. App. 4th 1278, 1283 (4th Dist. 2012) (alteration in original). However, a broker "assumes an additional duty by either express agreement or by 'holding himself out' as having expertise in a given field of insurance being sought by the insured." *Id.* (quoting *Fitzpatrick v. Hayes*, 57 Cal. App. 4th 916, 927 (1st Dist. 1997)).

According to Plaintiffs, Mr. Reinholtz was listed as "Agent for the Policy" and agreed to be notified of any lapse or termination of the policy. (FAC ¶ 17.) Mr. Reinholtz held himself out as an experienced and knowledgeable broker of life insurance, and the decedent relied on Mr. Reinholtz to maintain the policy. (FAC ¶ 71.) Plaintiffs allege that Mr. Reinholtz was aware of the decedent's hospitalization and the decedent's need for additional help. (FAC ¶ 26.) Plaintiffs also allege that Mr. Reinholtz was aware that Protective attempted to inform Mr. Reinholtz of the impending policy termination, but could not because Mr. Reinholtz did not keep Protective up to date with his correct contact information. (FAC ¶ 35.) Finally, Plaintiffs claim Mr. Reinholtz agreed to have the policy reinstated on the decedent's behalf, but Mr. Reinholtz did not make any attempt to do so. (FAC ¶ 36.)

According to these facts, it is not "obvious" that Plaintiffs' claim of negligence will fail. Protective did not present clear and convincing evidence showing that Mr. Reinholtz did not represent himself as a specialist in the field, or that Mr. Reinholtz did

4

not agree to undertake further maintenance of the decedent's policy. The Court holds that Mr. Reinholtz was not fraudulently joined. As such, Protective failed to meet its heavy burden. Because Mr. Reinholtz's citizenship cannot be disregarded, diversity jurisdiction does not exists. The Court therefore **GRANTS** Plaintiffs' Motion to Remand.

## II.    Motion for Fees and Costs

Upon an order for remand, a court may order the payment of attorney fees and costs incurred as a result of the removal. 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

Protective filed a Notice of Removal upon learning of a statement, allegedly made by Plaintiffs' counsel, which alerted Protective of the possibility of fraudulent joinder. Protective then argued that Mr. Reinholtz had no duty to the decedent beyond procuring the requested insurance policy. Although it relied on the correct general rule, Protective inappropriately devalued the rest of Plaintiffs' allegations. As a result, any duty of Mr. Reinholtz was not as clear-cut as Protective argued. Even though Protective's removal was improper, it was not objectively unreasonable. The Court therefore declines to exercise its discretion to award fees and costs. The Motion is **DENIED**.

## CONCLUSION

The Motion to Remand is **GRANTED** and the Motion for Fees and Costs is **DENIED**. The case is **REMANDED** to state court.

**IT IS SO ORDERED.**

Dated: Sept 2, 2015

Hon. Roger T. Benitez
United States District Judge